I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY Petitioner
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 9-24-12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 2 4 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD M. ALVA, <br><br> Petitioner, <br><br> vs. <br><br> DAVID B. LONG, Acting Warden,[1] <br><br> Respondent. | Case No. CV 11-3408-MMM (JPR) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files of this case, and the Report and Recommendation of the U.S. Magistrate Judge. On July 23, 2012, Petitioner filed Objections to the Magistrate Judge's Report and Recommendation. On August 9, 2012, the Magistrate Judge ordered Respondent to file a response to the Objections, and he did so on August 23, 2012. The Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made.

Petitioner contends that the Magistrate Judge erred in

---

[1] David B. Long, the Acting Warden of Ironwood State Prison, where Petitioner is housed, is substituted as the Respondent under Federal Rule of Civil Procedure 25(d).

1

concluding that even if the Court awarded Petitioner "gap" tolling for the 100-day period between the denial of his state superior court habeas petition and the filing of his state court of appeal petition, the federal Petition must nonetheless be dismissed because it was late by four days. Petitioner appears to make three separate challenges to the Magistrate Judge's conclusion: (1) Respondent never made the argument the Magistrate Judge relied on and she should not have made it for him; (2) Petitioner was not on notice that he had to show entitlement to equitable as well as statutory tolling and was deprived of any opportunity to do so; and (3) Petitioner deserves equitable tolling of all or some of the period between when the state supreme court denied his state habeas petition, January 19, 2011, and when he filed his federal Petition, April 1, 2011, and therefore his Petition was timely.

The Court need not tarry long on Petitioner's first or second argument. Respondent's motion to dismiss raised generally the issue of the timeliness of the Petition, and the Magistrate Judge then had a duty to determine, according to the law, whether the Petition was timely. Even if Respondent was somehow obliged to specifically express a particular observation concerning the timeliness of the Petition and did not do so, the Magistrate Judge was authorized to raise and consider the issue sua sponte. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).[2] To the

---

[2] Petitioner seems to assert that by not specifically noting that even with tolling the Petition would still be four days late, Respondent somehow waived that argument. But waivers of limitations defenses generally apply to the defense as a whole, and in any event they must be deliberate and express. See Wood

2

1 | extent Petitioner was deprived of an earlier opportunity to argue
2 | that he is entitled to equitable tolling, that concern is moot
3 | because he argued that point in his 57-page Objections, which
4 | include a declaration and other evidence, all of which the Court
5 | has now considered.
6 |     As to Petitioner's third argument, the Court cannot find
7 | that he is entitled to any equitable tolling such that his
8 | Petition would be timely assuming statutory tolling of the 100-
9 | day period between his state superior court and court of appeal
10 | petitions. As the Magistrate Judge noted in the Report and
11 | Recommendation, determining whether equitable tolling is
12 | warranted is a fact-specific inquiry. <u>Frye v. Hickman</u>, 273 F.3d
13 | 1144, 1146 (9th Cir. 2001). The petitioner must show that (1) he
14 | has been pursuing his rights diligently and (2) some
15 | extraordinary circumstance stood in his way and prevented timely
16 | filing. <u>Holland v. Florida</u>, 560 U.S. ___, 130 S. Ct. 2549, 2562,
17 | 177 L. Ed. 2d 130 (2010). In addition, "[t]he petitioner must
18 | show that 'the extraordinary circumstances were the cause of his
19 | untimeliness and that the extraordinary circumstances made it
20 | impossible to file a petition on time.'" <u>Porter v. Ollison</u>, 620
21 | F.3d 952, 959 (9th Cir. 2010) (citation omitted).
22 |     Petitioner contends that he is entitled to some unspecified
23 | period of equitable tolling between when he learned of the state
24 | supreme court's denial of his habeas petition, "at the end of

---

<u>v. Milyard</u>, 566 U.S. ___, 132 S. Ct. 1826, 1830, 182 L. Ed. 2d 733 (2012).

1  January 2011" (Objections at 14, Alva Decl. ¶ 9),³ and the
2  expiration of the one-year limitation period, on March 28, 2011,
3  on two grounds: (1) during the period from February 12, 2011, to
4  May 12, 2011, when he was on administrative-segregation "C
5  Status," he suffered from hypoglycemic episodes that rendered him
6  "often 'confused'" and caused "difficulty in thinking," resulting
7  from stress brought on by his placement in C status and from
8  complications with his diabetes (id. ¶¶ 6-10); and (2) during
9  that same period on administrative segregation, he was confined
10 to an area of the prison where he was "effectively denied access
11 . . . to the prison law library" (Objections at 10).
12      Petitioner's first claim fails because he has submitted no
13 evidence demonstrating any unusual medical condition during the
14 period in question.  The latest of the medical records he
15 attached to his Objections is dated December 2010, <u>before</u> the
16 period for which he must show an entitlement to equitable tolling
17 had even begun.  Moreover, those records do not indicate any kind
18 of mental impairment, much less any serious mental health issue.
19 Indeed, the last medical evaluation, dated December 14, 2010,
20 specifically notes that he has no hypoglycemic episodes.
21 (Objections at 18.)
22      Even assuming that Petitioner's declaration stating that
23 during the period in question he was "confused" and had
24 difficulty thinking is enough to demonstrate some kind of mental
25 impairment, Petitioner's claim nonetheless fails.  In order to
26
   ―――――――――
27      ³For convenience and clarity, the Court has used the
   pagination provided by the online Case Management/Electronic Case
28 Filing system.

4

qualify for equitable tolling resulting from a mental illness, a petitioner must first show either that he "(a) . . . was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010). If a petitioner demonstrates one of these two things, he must then show "diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." Id.

Petitioner cannot show either of the first two factors. The first requires that the mental condition itself rendered the petitioner "unable rationally or factually to personally understand the need to timely file" - in other words, the inquiry focuses on causation. See Stancle v. Clay, ___ F.3d ___, 2012 WL 3667315, at *9 (9th Cir. Aug. 28, 2012) (discussing Bills). Here, as noted, no records support Petitioner's claim that he even had a mental condition. But if he did, he has not contended that it was so severe as to render him unable to appreciate the need to timely file. Indeed, Petitioner states that when he filed his Petition - which was during the period he claims he suffered from mental impairment - "he did so with the understanding that it was timely filed[] under AEDPA one-year statute of limitations" (Objections at 13, Alva Decl. ¶ 3), demonstrating that he was able to "personally understand" that he had a deadline to meet. A mere miscalculation of that deadline

5

does not warrant tolling. See Holland, 130 S. Ct. at 2564. Similarly, Petitioner has never contended that it was his mental state that caused him to be unable to personally prepare his habeas petition; rather, he has always asserted that he was unable to do so because he is a "layman at the law." (See, e.g., Objections at 13, Alva Decl. ¶ 2.) Petitioner needed the assistance of other inmates to file his state habeas petitions, when he was apparently not suffering from any sort of mental condition, simply because he is uneducated in the law. (See Lodged Doc. 6 at 6(a) ("Statement of Timeliness," noting that Petitioner needed assistance of another inmate to prepare state habeas petition because Petitioner had "absolutely no understanding of law").) The law is clear that that itself is not a basis for tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that equitable tolling not appropriate simply because petitioner lacks "legal sophistication"); Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (no tolling for delay caused by "reliance on [inmate] helpers who were transferred or too busy"). Because Petitioner cannot satisfy either aspect of the first part of the Bills test, the Court need not consider whether he was sufficiently diligent in pursuing his claims despite any mental impairment.

Petitioner's claim that he lacked access to the law library while he was on C Status is also belied by the record. Petitioner acknowledges that he was allowed out of his cell for an hour and a half each day, as the prison administrative order he attached to his Objections indicates. (Objections at 53 (noting that "O.P. [Operational Procedure] 119" applies for C

status inmates), 56 (O.P. 119, noting that C status prisoners may access the yard Monday through Friday from 10:15 to 11:45 a.m. daily).) He contends that he was forced to choose between visiting the yard during that time or taking a shower and thus could not access the library. But O.P. 119 specifically says that "Inmates that desire to use the law library/library will utilize the library during their respective building rotational schedule . . . ." (Objections at 55.) Clearly, then, Petitioner was not deprived of all access to the law library. At worst, it appears that each day from Monday to Friday, he had to choose between taking a shower and visiting the law library. Such limited access to the law library resulting from placement in administrative segregation is neither an extraordinary circumstance justifying tolling nor something rendering it "impossible" for a petitioner to file his Petition. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). Indeed, Petitioner did file his Petition during the time he was in C status (and when he was allegedly suffering from hypoglycemic episodes), so it was clearly not impossible for him to do so. In fact, he apparently needed no access to the law library, as the federal Petition he ultimately filed a few days late contained virtually no new information or argument and instead expressly relied on the attached earlier state-court filings. Accordingly, nothing prevented him from filing the federal Petition within the limitation period.

    Having reviewed the files and records of this case, including the Report and Recommendation, Petitioner's Objections to it, and Respondent's Response, the Court concurs with and

1  accepts the Magistrate Judge's recommendations.  IT THEREFORE IS
2  ORDERED that Judgment be entered denying the Petition and
3  dismissing this action with prejudice because Petitioner did not
4  comply with 28 U.S.C. § 2244(d)(1).

7  DATED: <u>September 23, 2012</u>

                                                          *Margaret M. Morrow*
                                                        MARGARET M. MORROW
                                                        U.S. DISTRICT JUDGE